Opinion on Rehearing

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 97-2369

RISE BRIGGS,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: October 30, 1998

Decided: December 1, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rise Briggs, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rise Briggs, a Dalkon Shield claimant, appeals the district court's order denying Briggs' motion to vacate an unfavorable arbitration decision. We affirm.

Briggs claimed that chronic urinary tract and yeast infections, her inability to have children, and her alleged psychological problems resulted from her use of the Dalkon Shield. At her hearing before the arbitrator, Briggs and two family members testified. She offered no expert medical opinion; however, she did produce a letter dated August 5, 1977, and purportedly signed by one of her treating physicians, Dr. Madison Richardson. In the letter, Dr. Richardson stated that her medical problems stemmed from her use of the Dalkon Shield.

The Dalkon Shield Claimants Trust (Trust) produced evidence countering Briggs' claims. First, it presented the affidavit of Dr. Richardson in which he stated that he had not written the letter, which he labeled a "forgery." Second, the Trust produced the affidavit of Dr. William Bennett stating that there was no known association between the use of intrauterine devices and urinary tract infections. Third, in a taped deposition, Dr. Anton Broms testified that, in his opinion, Briggs never experienced any infection caused by her Dalkon Shield and that her infertility resulted from voluntary sterilization.

The arbitrator found that Briggs experienced urinary tract infections in 1968 and 1969; she had a Dalkon Shield inserted in 1972; during the time the device was in place, she experienced no gynecological problems other than vaginitis in September 1977, which was successfully treated; she experienced no urinary tract infections while using the Dalkon Shield; she elected to have the device removed in January 1978; during an appendectomy in March 1978, the surgeon

2

examined her reproductive organs and saw no abnormalities; she had a voluntary abortion in 1978; she underwent voluntary sterilization in 1979; and beginning in December 1979 she experienced a number of urinary tract infections that resulted from intercourse and stress. The arbitrator concluded that Briggs had suffered no injury as a result of using the Dalkon Shield and denied any recovery.

Briggs then moved in the district court to vacate the arbitrator's decision. The district court concluded that Briggs had established none of the grounds listed in Arbitration Rule 44(a). Therefore, he denied the motion. Briggs appeals that decision.

"Judicial review of an arbitration award is extremely limited." Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998). If a district court confirms an arbitration award, the appellate court reviews the district court's factual findings for clear error and its holdings of law de novo. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995); Gianelli Money Purchase Plan & Trust v. ADM Investors Servs., 146 F.3d 1309, 1311 (11th Cir. 1998).

Our review of the record reveals no clear error in the district court's findings of fact. Nor was there legal error. In electing binding arbitration, Briggs agreed to be bound by the First Amended Rules Governing Arbitration. The district court correctly found that Briggs failed to demonstrate any of the grounds set forth in Arbitration Rule 44(a) for vacating the arbitrator's decision. We note in particular that the admission of the testimony of Dr. Bennett and Dr. Broms was in compliance with Arbitration Rules 13, 16, and 32. Further, the arbitrator's issuance of his decision roughly two weeks outside the thirty-day period set forth in Arbitration Rule 43(a) did not prejudice Briggs' rights.

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion to dismiss the appeal as untimely is denied.

AFFIRMED

3